## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| ALBERT W. CALLWOOD, MARIA DE LOS A. CALLWOOD, <br><br>  Plaintiffs, <br><br> v. <br><br> ALBERT BRYAN, GOVERNOR; DEREK GABRIEL,[1] COMMISSIONER NOMINEE OF PUBLIC WORKS; CUSTOM BUILDERS and principle business owners; CYCLONE FENCING and principle business owners; GOVERNMENT OF THE VIRGIN ISLANDS, <br><br> Defendants. | Case No. 3:19-cv-00025 |

**APPEARANCES:**

**Albert W. Callwood**
**Maria De Los A. Callwood**
St. Thomas, USVI
    *Pro se plaintiffs,*

**Richard H. Hunter, Esq.**
Hunter, Cole & Bennett
Christiansted, U.S.V.I.
    *For Custom Builders,*

**A.J. Stone, III, Esq.**
Bolt Nagi PC
St. Thomas, U.S.V.I.
    *For Cyclone Fencing Inc.,*

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the caption of this matter was changed to reflect the substitution of the current Commissioner Nominee of Public Works as a party.

# MEMORANDUM OPINION

**MOLLOY, J.**

  **BEFORE THE COURT** is Defendant Custom Builders' Motion to Dismiss for failure to state a claim. (ECF No. 14.) Also before the Court is a Notice of Joinder by Defendant Cyclone Fencing in Defendant Custom Builders' Motion to Dismiss. (ECF No. 16.) For the reasons outlined below, the Court will deny those motions. The Court will also require the Callwoods to show cause why this matter should not be dismissed due to *res judicata* and lack of subject matter jurisdiction.

## I. FACTUAL AND PROCEDURAL HISTORY

  On April 8, 2019, Albert Callwood and Maria Callwood ("the Callwoods") initiated this action by filing a complaint in this Court. (ECF No. 1.) Though the precise nature of the Callwoods' claim is unclear, the Callwoods appear to claim that a governmental construction project commissioned by the Government of the Virgin Islands on or near their property constitutes a taking of their property for which they have not received just compensation in violation of the Fifth Amendment. *See id.* at 8. The Callwoods also appear to allege a claim for trespass against Custom Builders and Cyclone Fencing. *See id.* at 5 ("On April 6, 2019, Saturday morning, Cyclone Fencing with orders and instruction from Custom Builders unlawfully and illegally erected, set-up, placed and installed divided – separation – chain-links-fencing high up on Albert and Maria Callwood private real estate properties, far away from where the Government land and permanent access roadway should be placed and located."); *id.* at 3 ("Several weeks ago Custom Builders built and constructed 'another unlawful temporary access roadway' on Albert and Maria Callwood private real estate properties.").

  On April 24, 2019, Custom Builders filed a motion to dismiss the Callwoods' complaint. (ECF No. 14.) In its motion, Custom Builders argues that the Callwoods have failed to state a claim for relief because the Virgin Islands Superior Court has exclusive jurisdiction over eminent domain actions.

  On May 15, 2019, Cyclone Fencing Inc. ("Cyclone Fencing"), filed a notice of joinder, adopting the arguments made in Custom Builders' motion to dismiss. (ECF No. 16.)

## II. LEGAL STANDARD

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) *cert. denied*, 562 U.S. 1271 (2011).

The Supreme Court set forth the "plausibility" standard for overcoming a motion to dismiss in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, … 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

### III. DISCUSSION

The Callwoods' complaint appears to allege a claim for trespass against Custom Builders and Cyclone Fencing. *See* Compl. at 3, 5, ECF No. 1. In the Virgin Islands, to state a claim for trespass, the plaintiff must allege sufficient facts to support a claim that the defendant "'intentionally (a) enter[ed] land in the possession of the other, or cause[d] a thing or a third person to do so, or (b) remain[ed] on the land, or (c) fail[ed] to remove from the land a thing which he [was] under a duty to remove.'" *Hodge v. McGowan*, 50 V.I. 296, 306 (2008) (alterations in original) (citations omitted).

Here, the Callwoods allege that they own property located at 6A-18 and 6A-19 Estate Lilliendahl and Marienhoj, St. Thomas, U.S. Virgin Islands. *See* Compl. at 6, ECF No. 1. The Callwoods further allege that Custom Builders has built a roadway over this property. *Id.* at 3. Additionally, the Callwoods allege that Cyclone Fencing, with orders and instruction from Custom Builders, placed chain-link fencing on their private property. *Id.* at 5. Viewing these facts in the light most favorable to the Callwoods, the Callwoods have adequately pled a claim for trespass under Virgin Islands law. As such, the Court will deny Custom Builders' and Cyclone Fencing's motions to dismiss for failure to state a claim.[2]

---

[2] Custom Builders' and Cyclone Fencing's reliance on *Brown v. Francis*, 75 F.3d 860 (3d Cir. 1996) for their argument that the Callwoods' trespass claims against them fail to state a claim is misplaced. In *Brown v. Francis*, 75 F.3d 860 (3d Cir. 1996), the Third Circuit held that an eminent domain case brought by the Government of the Virgin Islands against a property owner was improperly removed to the district court because the district court did not have original jurisdiction over the eminent domain case. *Brown*, 75 F. 3d at 864-66. Specifically, the Third Circuit concluded that the district court did not have original jurisdiction over the eminent domain case—and thus could not obtain jurisdiction through removal—because the Virgin Islands cannot be considered a citizen for purposes of establishing diversity of citizenship jurisdiction. *Id.* Significantly, the Third Circuit's decision in *Brown* does not concern failure to state a claim. As such, *Brown* is irrelevant to the question of whether the Callwoods have stated a claim for trespass against Custom Builders and Cyclone Fencing. Further, the Court is not aware of any authority that precludes a federal court from hearing a trespass claim provided that the federal court has subject matter jurisdiction or supplemental jurisdiction over such claim. While the Court questions whether the Callwoods' trespass claims against Custom Builders and Cyclone Fencing may be precluded by various claims processing or jurisdictional obstacles as discussed *infra*, because Custom Builders and Cyclone Fencing have not clearly raised any arguments regarding such obstacles, the Court declines to dismiss the Callwoods' trespass claims on such bases without giving the Callwoods notice and an opportunity to respond.

*Callwood et al. v. Bryan et al.*
Case No. 3:19-cv-00025
Memorandum Opinion
Page 5 of 6

Nevertheless, the Court questions whether the Callwoods' takings and trespass claims in this matter are precluded by various claims processing and jurisdictional obstacles.

With respect to the Callwoods' takings claim, in general, a federal court has jurisdiction to hear a takings claim under the Fifth Amendment at the time the taking occurs. *Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2177 (2019). Nevertheless, where a takings claim has been resolved in a state or territorial court, such resolution is generally preclusive in any subsequent federal suit under the full faith and credit statute. *San Remo Hotel, L.P. v. City & Cty. of S.F.*, 545 U.S. 323, 347 (2005).

Here, the Callwoods allege that they have been deprived of property without compensation. *See* Compl. at 8, ECF No. 1 ("And the Government of the United States Virgin Islands has been unconstitutionally and unlawfully utilizing Albert and Maria Callwood private real estate properties in the services of a 'temporary access roadway' . . .. A prolonged deprivation of property . . . without the Constitutional requirement of compensation."). The Court is aware that certain portions of the Callwoods' property may have been subject to condemnation proceedings in the Virgin Islands Superior Court. *See* Order Vesting Title, Dec. 20, 2006, *Callwood v. Government of the Virgin Islands,* Case No. 3:07-cv-00104 (D.V.I. Apr. 30, 2010) (No. 15-4); Order Vesting Title, Aug. 28, 2007, *Callwood v. Government of the Virgin Islands,* Case No. 3:07-cv-00104 (D.V.I. Apr. 30, 2010) (No. 15-10). It is unclear whether the takings claims alleged by the Callwoods in this matter involve property that was already subject to condemnation proceedings in the Virgin Islands Superior Court or whether the takings claims alleged by the Callwoods involve new, separate takings.

Significantly, a court may raise preclusion *sua sponte* to avoid unnecessary judicial waste. *See Arizona v. California*, 530 U.S. 392, 412 (2000). Given these circumstances, the Court will order the Callwoods to show cause why their takings claim should not be dismissed as precluded by the proceedings in the Virgin Islands Superior Court. Further, in order to promote clarity with respect to the causes of action alleged in this matter, the Court will order the Callwoods to specifically identify which portions of their property are at issue in their takings and trespass claims and address whether such property has been the subject of condemnation proceedings in the Virgin Islands Superior Court. Additionally, to the extent

the Callwoods seek equitable relief as to any new takings claim, such relief is foreclosed by the availability of just compensation remedies. *See Knick*, 139 S. Ct. 2162, 2176 (2019). As such, the Court will require the Callwoods to clarify whether they are seeking compensation, equitable relief, or both with respect to any new takings claims.

With respect to the Callwoods' trespass claims against Custom Builders and Cyclone Fencing, the Court questions whether the Court has subject matter jurisdiction to hear such claims. The Callwoods have brought this lawsuit against not only Custom Builders and Cyclone Fencing, but also the Government of the Virgin Islands. "[T]he Territory of the Virgin Islands, a United States Territory, qualifies as a 'state' for purposes of the diversity jurisdiction statute." *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996). "[A] state cannot be considered a citizen for purposes of establishing diversity of citizenship jurisdiction subject matter jurisdiction in federal court." *Id.* As such, the Court does not have diversity jurisdiction over this matter. Moreover, a state law trespass claim does not present a federal question. Thus, the Court's jurisdiction over the Callwoods' trespass claims in this matter depends on whether the Court has supplemental jurisdiction over such claims. *See generally* 28 U.S.C. §§ 1331 *et seq.* As such, the Court will order the Callwoods to address whether the Court has supplemental jurisdiction over their trespass claims against Custom Builders and Cyclone Fencing pursuant to 28 U.S.C. § 1367.

An appropriate order follows.

**Dated:** March 3, 2021                              /s/ *Robert A. Molloy*
                                                      **ROBERT A. MOLLOY**
                                                      **District Judge**